**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah McGrath,<br><br>    Plaintiff,<br><br>v.<br><br>Joseph Montedonico, et al.,<br><br>    Defendants. | No. CV-19-08201-PCT-DWL<br><br>**ORDER** |

Pending before the Court is the motion to withdraw as counsel of record without client consent (Doc. 24) filed by Plaintiffs' counsel, Matthew Scott Martin and the Law Office of Matthew Scott Martin, LLC (together, "Counsel").

Local Rule 83.3(b) provides various procedural requirements that must be met when an attorney withdraws from representation of a client (except for a change of counsel within the same law office) and further provides that the application to withdraw must set forth the reasons for the withdrawal. Here, the procedural requirements are met. As to the reason(s) for the withdrawal, Counsel avers that a reason for withdrawal exists but cannot be disclosed without violating attorney-client privilege. (Doc. 24 ¶ 2.)

Ninth Circuit law suggests a "justifiable cause" standard applies when, as here, the client doesn't affirmatively consent to the withdrawal request. *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court."). "Justifiable cause" is not a terribly demanding standard,

and the professional considerations listed in ER 1.16 will often satisfy it, so long as other factors don't outweigh those considerations. *Gagan v. Monroe*, 2013 WL 1339935, *4 (D. Ariz. 2013) ("Factors that a district court should consider when ruling upon a motion to withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."); *Bohnert v. Burke*, 2010 WL 5067695, *2 (D. Ariz. 2010) ("Any factors that might support [counsel's] motion to withdraw are outweighed by the Court's responsibility to manage its own case load and ensure [fairness] to all parties. . . . [T]he Court finds that the interests of justice will be best served if [counsel] remains available to assist and try this case as he agreed to do when he entered his notice of appearance in 2009.").

Here, the Court is unable to determine how much Counsel's reasons weigh in favor of withdrawal because the Court has no idea what Counsel's reasons are. The reasons listed in ER 1.16 run the gamut from the client's failure to timely pay his attorney to the client's persistent criminal or fraudulent acts. In short, some of the reasons are more compelling than others. The Court cannot weigh whether the reasons for withdrawal are outweighed by the harm withdrawal might cause to Plaintiff[1] or to the administration of justice without knowing those reasons.

The Court appreciates Counsel's concerns regarding attorney-client privilege. The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law," and its "central concern" is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *United States v. Zolin*, 491 U.S. 554, 562 (1989) (internal citations omitted). The privilege ensures that such communications will not be disclosed to the public or discoverable by opposing parties unless the privilege is waived or certain exceptions apply. *Id.* at 562-63; *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981). But when the

---

[1] Defendants do not oppose the withdrawal. (Doc. 24 ¶ 5.)

privilege is asserted, the communications must be disclosed to the Court, as this is the only way for the Court to determine, as a preliminary matter, whether the privilege applies. *See, e.g.*, *Zolin*, 491 U.S. at 568-69 ("[D]isclosure of allegedly privileged materials to the district court for purposes of determining the merits of a claim of privilege does not have the legal effect of terminating the privilege. Indeed, [the Supreme Court] has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for *in camera* inspection, . . . and the practice is well established in the federal courts.") (citation omitted).

The Court cannot exercise its discretion to grant or deny a motion to withdraw without knowing the reason(s) justifying withdrawal.[2] *United States v. Williams,* 717 F.2d 473, 475 (9th Cir. 1983) ("A trial court's decision to release counsel is an exercise of its discretion"); *Woodall v. Drake Hotel, Inc.*, 913 F.2d 447, 449–50 (7th Cir. 1990) ("[C]ounsel bore the burden of demonstrating that [the clients] had consented to the motion . . . or that there was a valid and compelling reason for the court to allow the withdrawal over objection. . . . Because class counsel never disclosed, and the court never compelled counsel to disclose, the reason for withdrawal, the court abused its discretion by granting the motion."); *Behr v. Drake Hotel, Inc.*, 1991 WL 33661, *1 (N.D. Ill. 1991) ("Class counsel have now come forward in writing with detailed reasons for withdrawal, to which both [clients] have responded in writing. In order to preserve the attorney-client privilege, class counsel and [the clients] have filed affidavits and exhibits under seal for our review *in camera*. Having carefully reviewed all of the submissions we find that valid and compelling reasons exist for granting withdrawal.").

By requiring Counsel to submit an *ex parte* affidavit under seal[3] in support of the withdrawal motion and allowing Plaintiff the opportunity to respond (again, *ex parte* and

---

[2] The Court recognizes that the comments to ER 1.16 state that a non-specific avowal "that professional considerations require termination of the representation ordinarily should be accepted as sufficient." The Court respectfully disagrees. Such an assertion is too vague to allow the Court to exercise its discretion in any meaningful way or to ensure that "justifiable cause" truly exists to support the withdrawal request.

[3] For Plaintiff's benefit: "*ex parte*" means Defendants can't see it, and "under seal" means the public can't see it.

- 3 -

under seal), the Court can gain the information it needs to appropriately balance the withdrawal factors while ensuring that no communications assertedly protected by attorney-client privilege are disclosed to the public or to Defendants. *See, e.g.*, *Sabre Int'l Security v. Torres Advanced Enterprise Solutions, LLC*, 219 F. Supp. 3d 155, 158-59 (D.D.C. 2016) ("Numerous courts have reviewed . . . affidavits under seal to ascertain the basis of the motion to withdraw without upsetting the attorney-client privilege."); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164, 165-66 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts.").

On the other hand, if Counsel can obtain Plaintiff's written consent, no affidavit will be necessary, as this Court generally grants motions to withdraw as counsel with client consent, absent unusual circumstances not present here.

Accordingly,

**IT IS ORDERED** that by **January 17, 2020**, Counsel shall file one of the following: (1) Plaintiff's written consent to the withdrawal, (2) an *ex parte* affidavit under seal, explaining the reasons justifying withdrawal, together with proof of service of this order and the affidavit on Plaintiff, or (3) a retraction of the motion to withdraw.

**IT IS FURTHER ORDERED** that if Counsel files and serves on Plaintiff an *ex parte* affidavit under seal, explaining the reasons justifying withdrawal, Plaintiff may file an *ex parte* response under seal by **January 31, 2020**.

Dated this 30th day of December, 2019.

Dominic W. Lanza
United States District Judge

- 4 -